```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| JAMES CHRISTOPHER SCHMIDT, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3285 |
| | ) | |
| v. | ) | |
| | ) | |
| DUSTY BRYNER, individually and in his official capacity as a police officer for the CITY OF ALLIANCE; DARRIN KREMER, individually and in his official capacity as a police officer for the CITY OF ALLIANCE; JOHN KISS, individually and in his official capacity as police chief for the CITY OF ALLIANCE; JOHN DOE One through Ten; and THE CITY OF ALLIANCE, NEBRASKA, | ) ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

Plaintiff has noticed the depositions of the individual defendant officers and has subpoenaed their presence at the place of the incident giving rise to this lawsuit, for a "site inspection and reenactment." Filing 27, Attachment A. Defendants have moved for a protective order preventing the "inspection and reenactment" of the actions they took in the incident. Defendants' brief addresses only the reenactment. Defendants argue that the "good cause" required by Fed. R. Civ. P. 26(c) exists, because (1) videotaping a reenactment would over-emphasize defendants' actions; (2) the information can be obtained from defendants through their verbal testimony; (3) this was a traumatic event for the officers, and requiring reenactment under these stressful conditions raises issues of the officers'

ability to be completely accurate concerning their actions; (4) the deposition is noticed for daytime, and the event occurred during nighttime hours, making the conditions different.

The 1993 amendments to the Federal Rules of Civil Procedure, and subsequent uses of videotaping as an accurate and convenient means of conducting discovery, counsel that such a procedure is not only permitted but becoming standard.  Unless there is some sound reason to disallow it, the plaintiff's desire for a videotaped site inspection and reenactment should be accommodated.  See, e.g. <u>Gillen v. Nissan Motor Corp.</u>, 156 F.R.D. 120 (E. D. Pa. 1994).  The defendants' arguments to the contrary are based almost entirely on pre-1993 cases.

Defendants' arguments lack merit.  First, I see no danger of over-emphasizing defendants' actions.  The noticed deposition is not a notice that the videotaped reenactment will be presented to the jury, although, of course, that possibility exists.  The fact that the plaintiff has no recollection of the events makes the defendants' testimonial versions of them extremely critical. Defendants' testimony will form the centerpiece of the plaintiff's case, whether presented by verbal testimony or otherwise.  Taking a videotape of their versions of the events, including reenactment, for discovery purposes will assist plaintiff's attorneys in learning and understanding the facts, a principal purpose of discovery.

Second, while it may be true that defendants' verbal descriptions of the actions taken during the incident may be accurate, and recognizing that their testimony will be accurate insofar as their perceptions and recollections will permit, reenacting the physical actions that occurred is likely to focus

their testimony and enhance their ability to describe them.  It certainly will assist plaintiff's counsel in understanding what happened.

Third, it is no doubt true that the incident giving rise to this case was traumatic for the officers.  However, that fact, while unfortunate, does not obviate the need for their testimony, nor the need to clarify that testimony with physical demonstrations of the actions they took.

That the depositions have been noticed for daytime hours when the actual events took place during nighttime is a serious concern, especially should the videotape be proffered as evidence at trial.  Such a difference in conditions could lead to inadmissibility, even for impeachment of trial testimony, depending on the circumstances.  However, for discovery purposes, that concern is not as great, and not sufficient to necessarily undermine the usefulness of the discovery.

In sum, the defendants have not demonstrated that taking the depositions with reenactments would cause them "annoyance, embarrassment, oppression, or undue burden or expense" justifying issuance of a protective order.

I add one cautionary note.  It is not clear from the subpoena whether the "site inspection and reenactment" are planned before or after the commencement of the deposition.  They should be part of the deposition so the record is complete and accurate.  The videotaping should include audio taping of all participants, including counsel, and the witness should be sworn before anything is said or done on videotape.

IT THEREFORE HEREBY IS ORDERED,

The motion for protective order, filing 25, is denied.

DATED this 15th day of August, 2007.

                          BY THE COURT:

                          s/ *David L. Piester*
                          David L. Piester
                          United States Magistrate Judge